SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sue Taylor, | No. CV 07-2095-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Samuel Cody, et al., | |
| Respondents. | |

Petitioner Sue Taylor, who is confined in the Central Arizona Detention Center (CADC), in Florence, Arizona, has filed a document captioned "Verified Complaint at Law for a Peremptory Writ of Habeas Corpus." (Doc.# 1.)[1] Petitioner has paid the $5.00 filing fee for a habeas action. Named as Respondents are Samuel Cody of the United States Marshal's Service (USMS) and Charles Gilkey, warden of CADC. Petitioner has also filed four certificates of service purporting to certify service of her "Verified Complaint" on various persons or entities. (Doc.# 3-6.) The Court will dismiss the Verified Complaint.

**I.   Background.**

On May 25, 2006, the United States commenced an action pursuant to 26 U.S.C. §§ 7402(a) and 7604(a) to enforce an Internal Revenue Service (IRS) summons issued to Sue Taylor, the Petitioner in this case. See United States v. Taylor, CV 06-3121-PHX-SRB, doc.# 1. The IRS summons was issued to Petitioner on December 7, 2004, and required her

---

[1] "Doc.#" refers to the docket number of filings in this case unless otherwise indicated.

1  to produce "books, records, papers, and other data" relating to the collection of her tax
2  liability for the tax periods ending December 31, 1997 and December 31, 1998. Taylor, CV
3  06-3121-PHX-SRB, doc.# 1, Ex.1. Petitioner failed to appear as ordered at the July 17, 2006
4  show cause hearing and, in an Order filed on July 18, 2006, the Court granted the motion to
5  enforce and ordered Petitioner to produce the materials described in the IRS summons within
6  45 days. Taylor, CV 06-3121-PHX-SRB, doc.# 3, 11, 12.  The July 18, 2006 Order
7  expressly warned Petitioner that noncompliance could result in a finding of civil contempt.
8  Taylor, CV 06-3121-PHX-SRB, doc.# 12.

9        On October 5, 2006, the United States filed a Motion to Show Cause for Contempt
10 against Petitioner based on her failure to comply with the July 18, 2006 Order. Taylor, CV
11 06-3121-PHX-SRB, doc.# 13.  A hearing to show cause why Petitioner should not be held
12 in contempt was held on November 27, 2006, but Petitioner failed to appear at the hearing.
13 Taylor, CV 06-3121-PHX-SRB, doc.# 14.  Petitioner was held in civil contempt of the July
14 18, 2006 Order and a bench warrant for her arrest was issued. Taylor, CV 06-3121-PHX-
15 SRB, doc.# 16, 17.  A formal Order of Contempt was signed and entered on November 28,
16 2006. Taylor, CV 06-3121-PHX-SRB, doc.# 17.  Petitioner did not appeal the Order of
17 Contempt.[2]

18       Petitioner was arrested on January 11, 2007 and was ordered detained until she fully
19 complied with the November 28, 2006 Order. Taylor, CV 06-3121-PHX-SRB, doc.# 22.
20 Petitioner was subsequently released after posting bond. Taylor, CV 06-3121-PHX-SRB,
21 doc.# 32, 33. Following further proceedings not relevant here, the Court adopted Magistrate
22 Judge Anderson's Report and Recommendation in which he reported that the November 28,
23 2006 Order holding Petitioner in contempt was valid and enforceable and should not be
24 vacated. Taylor, CV 06-3121-PHX-SRB, doc.# 70. In the same Order, the Court ordered
25 Petitioner to appear at a hearing on May 17, 2007 and stated that if Petitioner had still not

---

[2] A contempt order issued pursuant to IRS Code §§ 7402(a) and 7604 constitutes a final decision that is appealable to the Court of Appeals. United States v. Wheeler, 952 F.2d 326, 327 n.2 (9th Cir. 1991).

complied with the IRS summons as required by July 18, 2006 Order she would be remanded into USMS custody until such time as she purged herself of civil contempt by production of the documents. Id. Petitioner appeared at the hearing and, because she had not complied with the July 18, 2006 Order, was remanded into the custody of the USMS. Taylor, CV 06-3121-PHX-SRB, doc.# 72. Since that time, the Court has held periodic hearings to assess whether Petitioner should continue to be held in civil contempt. Hearings for that purpose were held on June 5, 2007, August 7, 2007, October 17, 2007, and December 17, 2007. Taylor, CV 06-3121-PHX-SRB, doc.# 77, 83, 100 ,109.

**II.     "Verified Complaint."**

The Court construes the "Verified Complaint" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Section 2241 "provides that federal judges may grant the writ of habeas corpus on the application of a prisoner held 'in custody in violation of the Constitution or laws or treaties of the United States.'" Crater v. Galaza, 491 F.3d 1119, 1124 (9th Cir. 2007) (quoting INS v. St. Cyr, 533 U.S. 289, 305 (2001) (internal citation omitted)); see Lambert v. State of Mont., 545 F.2d 87, 89 (9th Cir. 1976).

Although not a model of clarity, Petitioner appears to contend that the Court lacked jurisdiction to enforce the IRS summons and/or hold Petitioner in civil contempt for failure to comply with Court orders in CV 06-3121-PHX-SRB. Such contentions are without merit.

Except as otherwise provided by an act of Congress, federal district courts have original jurisdiction of "of all civil actions, suits or proceedings commenced by the United States, or any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Further, federal courts have the inherent power to coerce compliance with lawful orders through civil contempt. Carlisle v. United States, 517 U.S. 416, 438 n. 1 (1996) (citing Shillitani v. United States, 384 U.S. 364, 370 (1966)); see also United States v. Rylander, 460 U.S. 752, 753, 756 (1983) (recognizing the statutory authorization for the IRS to summon witnesses and records and to seek judicial enforcement of such summons). The record in CV 06-3121-PHX-SRB clearly supports that the Court had jurisdiction and the authority to hold Petitioner in civil contempt for non-compliance with Court orders.

- 3 -

1  Petitioner's Verified Complaint will therefore be dismissed.
2  **IT IS ORDERED:**
3  1.  Petitioner's "Verified Complaint at Law for a Peremptory Writ of Habeas
4     Corpus" is **dismissed**.  (Doc.# 1.)
5  2.  Judgment shall be entered accordingly.
6  DATED this 22nd day of January, 2008.

_____
David G. Campbell
United States District Judge